**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN CONKLIN,** | : | **CIVIL ACTION NO. 1:05-CV-1707** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARRINGTON TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 16th day of May, 2006, upon consideration of the complaint (Doc. 1) filed in the above-captioned action, averring[1] that plaintiff was cited by defendants Warrington Township and Warrington Township Zoning Board (collectively, "Warrington Township") with violating local zoning ordinances that are unconstitutionally vague and overbroad (see Doc. 1 ¶¶ 1, 14), see City of Chicago v. Morales, 527 U.S. 41, 52 (1999) ("It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits."); see also Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) (stating that an enactment violates due process if its prohibitions are "vague or not clearly defined"), that these ordinances were

---

[1] These facts are set forth as alleged in plaintiff's complaint. See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the allegations of the complaint.

applied by Warrington Township to plaintiff solely "for racial purposes"[2] (see Doc. 1 ¶ 14), and that defendant Tracy Lloyd ("Lloyd"), the stenographer at a hearing held on plaintiff's alleged zoning violations, was directed by an unknown "person in authority" to delete purportedly racist comments[3] from a transcript of the hearing in violation of plaintiff's constitutional rights, see 42 U.S.C. § 1983; see also Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (stating that, to establish § 1983 violation a plaintiff must demonstrate a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."), and upon further consideration of defendants' motions (Docs. 6, 11) to dismiss the complaint, arguing that the complaint does not set forth facts sufficient to demonstrate that Lloyd was a state actor for purposes of § 1983 liability (see Doc. 15), and that plaintiff is collaterally estopped and legally precluded from raising these claims as they were previously litigated by plaintiff before a state appeals court (see Docs. 7, 15), and the court finding that the complaint does not

---

[2] It is unclear under what constitutional theory plaintiff is proceeding on this count. The complaint does not aver that plaintiff is a member of a minority class, and alludes only that Warrington Township enforced the ordinances at issue because "little children of color . . . came from urban areas to enjoy the outdoors at plaintiffs property." (Doc. 1 ¶ 9.) See Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997) ("To establish a claim under 42 U.S.C. § 1983 a plaintiff must demonstrate a violation of a right secured by the Constitution . . . ."); Dubois v. Vargas, 148 F. App'x 111, 114 (3d Cir. 2005) ("[A] plaintiff alleging an injury . . . must allege that he has suffered an additional deprivation of a constitutional right in connection with the injury.").

[3] The complaint alleges that an attorney at the hearing referred to "people of color" as "those people." (Doc. 1 ¶ 9.)

aver sufficient facts for a constitutional claim for the alleged altering of the hearing transcript, see Carpenter v. Vaughn, 229 F.3d 138, 155 (3d Cir. 2002) ("[A defendant's] constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding."); see also Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993) ("[A defendant] does not have a constitutional right to a totally accurate transcript of his criminal trial."), that the complaint does not set forth facts sufficient to aver that defendant Lloyd acted under color of law,[4] see 53 PA. CON. STAT. ANN. § 1098 ("The appearance fee for a stenographer [at a zoning hearing] shall be shared equally by the applicant and the board."); see also Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 196 n.13 (3d Cir. 2005) ("[A] private actor is not engaged in state action simply because she is compelled to take an action by a state actor . . . ."); Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998) ("[A] private party who *willfully* participates in a joint conspiracy with the state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." (emphasis added)), but that the court cannot determine from the face of the complaint whether plaintiff is collaterally estopped or legally precluded from asserting claims against defendant Warrington Township, see Brody v. Hankin, 145 F. App'x 768, 773 (3d Cir. 2005) ("While a district court may dismiss a claim on res judicata grounds on a Rule

---

[4] Indeed, the complaint avers that an unknown defendant directed Lloyd to alter the transcript, as Lloyd "lack[ed] any motivation to [alter the transcript] on her own." (Doc. 1 ¶ 12.)

12(b)(6) motion, in order to do so those grounds must be evident on the face of the complaint."); Robinson v. Johnson, 313 F.3d 128, 135 n.3 (3d Cir. 2002) (stating that "affirmative defenses must be apparent on the face of the complaint to be subject to a Rule 12(b)(6) motion to dismiss" (citation omitted)); Pryor v. Nat'l Collegiate Athletic Assoc., 288 F.3d 548, 560 (3d Cir. 2002) ("Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings *if they are referred to in the plaintiff's complaint and are central to the claim* . . . ."), it is hereby ORDERED that:

1. The motion to dismiss (Doc. 11), filed by defendant Tracy Lloyd, is GRANTED. All claims against defendant Lloyd are DISMISSED without prejudice.

2. The motion to dismiss (Doc. 6), filed by defendants Warrington Township and Warrington Township Zoning Board, is GRANTED with respect to plaintiff's claims for the alleged alteration of the hearing transcript. The motion to dismiss is otherwise DENIED, without prejudice to defendants' right to raise the affirmative defenses of collateral estoppel and res judicata in a motion for summary judgment.

3. Plaintiff shall be permitted to file, on or before May 24, 2006, an amended complaint, setting forth with specificity the facts and legal theories supporting any claims relating to the alleged alteration of the hearing transcript. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In the absence of a timely filed amended complaint, this case shall proceed on the remaining claims.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge