IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN CONKLIN,** | : | CIVIL ACTION NO. 1:05-CV-1707 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARRINGTON TOWNSHIP**, et al., | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the court is a motion (Doc. 29) and brief in support thereof (Doc. 30) filed by Don Bailey, Esquire ("Attorney Bailey"), counsel for plaintiff, to vacate an order of this court that dismissed certain claims from the above-captioned case. For the reasons that follow, the court will direct Attorney Bailey to show cause why he should not be sanctioned for these inappropriate submissions.

The complaint in this case was filed by Attorney Bailey in August 2005. (See Doc. 1.) Brought pursuant to 42 U.S.C. § 1983, the complaint vaguely alleged that the plaintiff's constitutional rights were violated by the unlawful application of local zoning ordinances.[1] It averred that plaintiff was "forced to attend" a hearing before the local zoning board, during which a solicitor for the municipality purportedly made a racist remark, referring to "little children of color" who visited plaintiff's property as "those people." (Doc. 1 ¶¶ 7, 9.) It alleged that the presiding officer of the hearing failed to address this remark, and that a stenographer omitted the remark from a

---

[1] Although the complaint stated that copies of the ordinances were appended as exhibits (see Doc. 1 ¶ 16), no such documents were filed with the court.

transcript of the proceeding. (See Doc. 1 ¶ 11.) According to the complaint, these facts demonstrated that the ordinances at issue were applied to plaintiff solely "for racial purposes," and resulted in the denial of plaintiff's right to a fair hearing, violated plaintiff's rights to substantive and procedural due process, and violated plaintiff's "rights pursuant to the Sixth[,] Seventh and 14th amendments to a verbatim transcript of the hearing." (Doc. 1 ¶¶ 11, 13, 14, 15.) The complaint named as defendants the stenographer, an unknown "John Doe" who directed the stenographer to delete the comment from the transcript, the municipality and its zoning board. (See Doc. 1.)

Defendants moved to dismiss the complaint. The stenographer argued that the complaint failed to state a claim against her because there is no constitutional right to a verbatim transcript of zoning proceedings. (See Docs. 7, 15.) The municipality and its zoning board argued that plaintiff's claims were previously litigated before a state court,[2] and are therefore barred by the doctrines of collateral estoppel and *res judicata*. (See Docs. 7, 15.)

---

[2] Interestingly, there is no mention of the state court proceedings in the complaint.

By order of court dated May 16, 2006 (Doc. 28), the court engaged in a measured[3] review of the complaint and granted in part and denied in part the motions to dismiss. With respect to the alleged altered transcript, the court found that because the complaint did not aver a harm arising therefrom, it was insufficient to support a

---

[3] In its order disposing of the motion to dismiss, the court refrained from criticism of plaintiff's initial pleading. To be sure, the complaint is poorly drafted, replete with grammatical errors and non sequiturs. Consider, for example, the following excerpt:

> 10. Upon information and belief the members of the zoning hearing Board and the attorneys present in the presiding officer present are where the land near plaintiffs was previously owned by members of or open sympathizers with the Ku Klux Klan a viciously racist destructive group with a commonly known history in York County Pennsylvania which has become nationally recognized for the sad presence of a small group of known bigots (at least in the past). To plaintiff's knowledge such people operated facilities in a racist fashion near his farm in the past and may still own the saying land near the subject property here.
>
> 11. Upon information and belief, because of their knowledge of local conditions and history, and because of the solicitor's racist comments, coupled with the failure of the board and the presiding officer of the hearing to address the matter (referring to the solicitor's racist comments) at the hearing, in conjunction with the intentional alteration of the transcript by the defendant [stenographer], which of itself was a violation of plaintiff's constitutional rights, the plaintiff believes and alleges defendant's knowledge and awareness of the aforementioned racism.
>
> ***
>
> 13. The aforementioned misconduct was a violation of the plaintiff's right to due process of law both as the substantive due process because of his interest in right to real estate and to procedural due process because of the unlawful impact and affect the defendant's misconduct had upon the plaintiff's rights.

(Doc. 1 ¶¶ 10, 11, 13); see also infra notes 4-6.

constitutional claim. See Carpenter v. Vaughn, 229 F.3d 138, 155 (3d Cir. 2002) ("[A] defendant's] constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding."). Accordingly, the court dismissed this claim, but granted plaintiff leave to file an amended complaint that "set[s] forth with specificity the facts and legal theories supporting any claims relating to the alleged alteration of the hearing transcript." (See Doc. 28 at 4.) With respect to the prior state court proceedings, the court held that application of the doctrine of *res judicata* could not be resolved in the context of Rule 12(b)(6). See Pryor v. Nat'l Collegiate Athletic Assoc., 288 F.3d 548, 560 (3d Cir. 2002) ("Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings *if they are referred to in the plaintiff's complaint and are central to the claim . . . .*").

The complaint made broad allegations of racial animus,[4] but failed to link the vague factual averments[5] with specific constitutional deprivations requisite for a

---

[4] (See, e.g., Doc. 1 ¶ 1 ("Plaintiff alleges that because of underlying political forces, some of which were racially motivated, and some of which were expressions of certain persons' and entities' efforts to acquire his property for development purposes, that he (and his land) were [sic] made subject to unlawful restrictions upon his property and upon his person.")); see also infra note 4.

[5] (See Doc. 1 ¶ 8 ("At that hearing racist comments were made by opposing counsel which were knowledged [sic] by the person who was running a [sic] hearing . . . ."); Doc. 1 ¶ 9 ("The racist meaning of the attorney's comments were clear and plain. They directly referenced little children of color, who from time to time, came from urban areas to enjoy the outdoors of plaintiff's property which borders the Conaquadinit [sic] Creek close to the Susquehanna River. Euphemistically the attorney referred to people of color as "those people" with emphasis.")).

§ 1983 cause of action.[6]  Importantly, although the court could not decipher the precise constitutional underpinnings of plaintiff's claims, it liberally construed the same and granted plaintiff leave to amend the complaint.  See, e.g., McLaughlin v. Watson, 271 F.3d 566, 569 n.2 (3d Cir. 2001).

On May 24, 2006, Attorney Bailey filed the document *sub judice*, titled "Motion to Strike, Vacate and Reconsider the Court's May 16, 2006 Order."  (Doc. 29.)  The document expands on plaintiff's claims—tacitly acknowledging the complaint's lack of clarity—but also sets forth a barrage of *ad hominem* attacks upon the court.  It accuses the court of incompetence,[7] deception,[8] and racism,[9] and otherwise reflects a complete

---

[6] Indeed, Attorney Bailey was panoptic in pleading a constitutional deprivation arising from the alleged alteration of the hearing transcript, arguing that the conduct was in violation of plaintiff's "Sixth[,] Seventh and 14th amendment" rights, which—according to the complaint—require the production of "a verbatim transcript of the [zoning] hearing."  (Doc. 1 ¶ 15); see also McLaughlin v. Watson, 271 F.3d 566, 569 n.2 (3d Cir. 2001).

[7] (See Doc. 29 ¶ 8 ("The case citations by the court either do not appropriately reflect the points made by the court in its order or they are so poorly applicable to the point made as to be misleading."); Doc. 29 ¶ 9 "[The court] erroneously analyz[es] applicable law . . . ."); Doc. 29 ¶ 10 ("[T]he [c]ourt's citation to Dubois v. Vargas . . . is even more inappropriately used in the opinion."); Doc. 29 ¶ 10 ("The inference in the [c]ourt's opinion that plaintiff either alleged no injury . . . or that he must allege some stand alone injury . . . is not only erroneous as a matter of law, it misapprehends the facts in this case."); see also Doc. 29 ¶ 11.)

[8] (See Doc. 29 ¶ 9 ("[T]he citation to Kelly v. Borough of Sayreville . . . is misleading at very best."); see also Doc. 29 ¶ 8.)

[9] (See Doc. 29 ¶ 10 ("Ironically, the court's opinion unwittingly buttresses the arguably racial nativity [sic] evidenced by the court's failure to see the obvious racism in allegations where state power is brought to bear on a citizen because he entertains children of color."); Doc. 29 ¶ 11 ("The court's opinion contains apparently unintentional, scandalous, even arguably racist misanalysis of federal law . . . .")).

lack of professionalism. A "brief in support" (Doc. 30), notwithstanding its specious disavowal of any disrespect, levels many of the same charges.[10] Neither document proffers any support for these allegations other than Attorney Bailey's disagreement with the court's prior decision.

Initially, the court could not conjure up a reason for Attorney Bailey's irrational and unprofessional submissions. However, upon further review, it is clear that Attorney Bailey filed these documents in a fit of pique over sanctions imposed upon him by the undersigned in an unrelated case. See Cornish v. Gosher, No. 1:04-CV-0232, Doc. 30 (M.D. Pa. Aug. 1, 2005) (order sanctioning Attorney Bailey pursuant to Rule 11 of the Federal Rules of Civil Procedure).[11] Indeed, the language employed by

---

[10] (See, e.g., Doc. 30 at 2 ("[P]laintiff does consider that the error might have been manufactured in haste and without careful analysis so as to facilitate other goals, none of which, plaintiff wishes to emphasize, indicates a lack of professionalism or objectivity by this court."); Doc. 30 at 2 ("[T]he error is so pronounced, and perhaps far worse, is so poorly supported by the legal argument and citations made in support of the court's observation, as to stymie plaintiff's limited powers to add or detract.")).

[11] The court directed Attorney Bailey to attend and complete—without receiving CLE credit—three continuing legal education courses relating to federal civil procedure, legal writing, and professional conduct. See Cornish, No. 04-CV-0232, Doc. 30 (M.D. Pa. Aug. 1, 2005). Initially, Attorney Bailey did not comply with this order. See id. (order of court granting enlargement of time *nunc pro tunc* in which to comply). Attorney Bailey later filed an affidavit attesting to his participation in three courses accredited by the Supreme Court of Pennsylvania Continuing Legal Education Board. See id. at Doc. 34. The court did not conduct an independent inquiry into the truthfulness of Attorney Bailey's attestations.

Attorney Bailey is borrowed directly from the order imposing sanctions,[12] and the instant submissions were filed on May 24, 2006, the same day that Attorney Bailey filed his certification of compliance with the order of sanctions.[13]

These documents are but the latest of Attorney Bailey's unprofessional actions before this court.  See Mitchell v. Guzick, No. 3:02-CV-0178, slip op. at 2 n.1 (M.D. Pa. July 26, 2004); Barshinger v. Buffington, No. 1:03-CV-0506, slip op. at 2 n.1 (M.D. Pa. June 10, 2004), aff'd, No. 04-2908 (3d Cir. Apr. 28, 2005); Boyer v. Barry, No. 1:03-CV-1368, slip op. at 1 n.1 (M.D. Pa. Feb. 24, 2004); see also Beam v. Bauer, 383 F.3d 106, 110 (3d Cir. 2004); Beam v. Bauer, No. 1:02-CV-1797 (M.D. Pa. Mar. 23, 2003) (Rambo, J.), aff'd, 88 F. App'x 523 (3d Cir. 2004); Beam v. Downey, 151 F. App'x 142, 144-45 (3d Cir. 2005); cf. Wyatt v. Keating, 130 F. App'x 511, 515 (3d Cir. 2005).  It appears that they were filed for no purpose other than to impugn the integrity of the court in

---

[12] Compare Cornish, No. 1:04-CV-0232, Doc. 30 at 3 (M.D. Pa. Aug. 1, 2005) ("Many, if not all, of these errors are attributable to simple negligence and lack of professionalism, not to willful or malicious design, and may be addressed through additional education."), with Doc. 30 at 2 ("Plaintiff does not argue that the court wrote the language in the subject order out of willful or malicious design.  Nor does plaintiff suggest that additional education on racial sensitivities and basic civil rights law will not correct these errors, which are seemingly attributable to simple negligence.").

[13] See Docs. 29, 30 (filed May 24, 2006); Cornish, No. 1:04-CV-0232, Doc. 34 (M.D. Pa. May 24, 2006) (Affidavit of Don Bailey, dated and filed May 24, 2006).

7

retaliation for the sanctions previously imposed.[14]  Sanctions may again be warranted pursuant to Rule 11 of the Federal Rules of Civil Procedure, pursuant to the court's inherent power, or pursuant to the local rules of this court.  See, e.g., Shea v. Donohoe Const. Co., 795 F.2d 1071, 1077 (D.C. Cir. 1986) (noting that sanctions are appropriate for "conduct that is disrespectful to the court"), cited with approval in Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993); see also L.R. 83.23.1.  Accordingly, Attorney Bailey will be directed to show cause why he should not be sanctioned for filing these documents.  The court will then determine whether and what sanctions should be imposed.  Potential sanctions include:  "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to

---

[14] Attorney Bailey's actions are likely violative of the rules governing his conduct as an officer of this court.  See PA. RULES PROF'L. CONDUCT, Preamble ¶ 5 ("A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others.  A lawyer should demonstrate respect for the legal system and for those who serve it, including judges . . . ."); PA. RULES PROF'L. CONDUCT R. 3.5(d) ("A lawyer shall not . . . engage in conduct intended to disrupt a tribunal."); PA. RULES PROF. CONDUCT R. 8.2(a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ."); PA. CODE OF CIVILITY, art. II(2) ("A lawyer shall speak and write in a civil and respectful manner in all communications with the court . . . ."); PA. CODE OF CIVILITY, art. II(18) ("A lawyer should strive to protect the dignity and independence of the judiciary, particularly from unjust criticism and attack."); L.R. 83.23.2 (adopting the Pennsylvania Rules of Professional Conduct); L.R. App. C ¶ 2 ("I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work.") (Middle District Code of Professional Conduct); see also Appeal of Levine, 95 A.2d 222, 226 (Pa. 1953) ("[A] public assertion that the court [is] incompetent in the arrangement of its business . . . . [is] calculated to belittle the court . . . and thereby impair its dignity and authority.").

the court; [or] referring the matter to disciplinary authorities . . . ." See Fed. R. Civ. P. 11 advisory comm. notes—1993.[15]

An appropriate order will issue.

        /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:    June 30, 2006

---

[15] See also Martin v. Brown, 63 F.3d 1252, 1264 n.18 (3d Cir. 1995); Simmerman v. Corino, 27 F.3d 58, 64 (3d Cir. 1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN CONKLIN**, | : | **CIVIL ACTION NO. 1:05-CV-1707** |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARRINGTON TOWNSHIP**, et al., | : | |
| | : | |
| **Defendants** | : | |

### **ORDER**

AND NOW, this 30th day of June, 2006, upon consideration of the motion to vacate (Doc. 29) and brief (Doc. 30) in support thereof, filed by Don Bailey, Esquire, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that, on or before July 14, 2006, Don Bailey, Esquire shall file a response showing cause why sanctions should not be imposed for the apparent violations of Rule 11 of the Federal Rules of Civil Procedure identified in the accompanying memorandum.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge