IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN CONKLIN**, | : | CIVIL ACTION NO. 1:05-CV-1707 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **WARRINGTON TOWNSHIP**, et al., | : | |
| Defendants | : | |

# **MEMORANDUM**

The issue presently before this court has its genesis in documents filed by Don Bailey, Esquire ("Attorney Bailey") to vacate an order that dismissed certain claims from the above-captioned case.[1] (See Docs. 29, 30.) Attorney Bailey's submissions accused the court of incompetence, deception, and racism. (See Doc. 35.) The court directed Attorney Bailey to show cause why he should not be sanctioned for these inappropriate filings, pursuant to Rule 11 of the Federal Rules of Civil Procedure, pursuant to the court's inherent power, or pursuant to the local rules of this court. (See Doc. 35 at 8.)

---

[1] Attorney Bailey took issue with a footnote in the order. (See Docs. 28, 29, 30.) As previously explained, the footnote was merely conveying that the complaint did not clearly set forth the precise constitutional theory under which plaintiff was pursuing his 42 U.S.C. § 1983 claims. (See Doc. 35 at 4-5); see also McLaughlin v. Watson, 271 F.3d 566, 569 n.2 (3d Cir. 2001). Importantly, the court gave "every benefit to plaintiff" and did not dismiss these claims. See id.; (see also Doc. 28.)

The court has carefully reviewed Attorney Bailey's response.[2]  He neither concedes to, nor offers an explanation for, his unprofessional conduct.  To the contrary, he characterizes his filings as "courteous, succinct and proper."  (Doc. 42 at 15.)  He denies that his motion and brief were filed in a fit of pique over sanctions imposed by the court in an unrelated case, claiming that he "wrote the motion and brief as the words popped into his mind."  (Doc. 42 at 16.)

Attorney Bailey states that the court "is greatly out of order and is acting in excess of the authority granted [to] it by law and [r]ule."  (Doc. 42 at 17.)  He avers that the court is dodging the substance of the subject motion and brief,[3] and

---

[2]  The response is docketed as a "brief in opposition" to Attorney Bailey's own motion to vacate.  (See Doc. 42.)  The court notes that despite its length—21 pages—the response fails to contain a single case citation.  Although Attorney Bailey complains that he was "deprived of sufficient time to compose [the] response," the record reflects that the response was initially due on or before July 14, 2006.  (See Doc. 35.)  On July 10 and 11, 2006, Attorney Bailey filed two separate motions for an enlargement of time.  (See Docs. 37, 38.)  Neither motion set forth sufficient facts for an enlargement of time.  See FED. R. CIV. P. 6(b)(1).  Rather, the motions averred only that Attorney Bailey was scheduled to depart for vacation the day *after* his response was due.  (Docs. 37, 38 ¶¶ 3.)  Nevertheless, in light of the seriousness of the situation and the potential consequences, the court granted an enlargement and extended the deadline to July 28, 2006.  (See Doc. 39 at 1 n.1.)  Notably, Attorney Bailey did not thereafter move the court for additional time to prepare his response.

[3]  (See Doc. 42 at 14 ("What haunts this entire exercise, which has eaten hours and hours and hours of this Attorney's vacation and family time, is the [c]ourt's complete failure to address the substance of the matters [plaintiff] and [Attorney] Bailey complained of in the subject motion and brief.")).  Although the court previously addressed the "substance" of the subject motion in its memorandum of June 30, 2006 (Doc. 35), the court would be remiss if it did not highlight Attorney Bailey's flawed perspective of judicial *decisionmaking* typified by this quote: "It is Attorney Bailey's position that this court failed to support *its argument* in its [m]emorandum."  (Doc. 42 at 10).

suggests that the court's form of criticism, if unchecked, will "destroy the democratic sanctity of our judicial system." (Doc. 42 at 12, 14.) He also continues the vitriolic tenor of his initial submissions, emphasizing that he "stand[s] fully behind" them.[4]

The purpose of Rule 11 sanctions is to curb abuses. See Bus. Guides, Inc. v. Commc'ns Enters., Inc., 498 U.S. 533, 553-54 (1991). An attorney's signature on a document certifies that he is not acting in bad faith. See CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991). It certifies that the allegations in the filing have "evidentiary support," and that it is not being presented "for any improper purpose," or to "harass or to cause unnecessary delay" in the proceedings. FED. R. CIV. P. 11(b)(1), (3); see also Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995). A finding of bad faith is not a prerequisite for Rule 11

---

[4] (See, e.g., Doc. 42 at 6 ("Attorney Bailey would not be honest if he did not admit to expressing loud amusement in his office at the ironies presented by the Court's errors."); Doc. 42 at 10-11 ("An objective analysis . . . could easily suggest . . . that the [court's] [m]emorandum was incompetently written . . . ."); Doc. 42 at 11 ("There are no redeeming legal or factual virtues in the [c]ourt's May [m]emorandum . . . ."); Doc. 42 at 11 ("[T]he position reflected by the [c]ourt's [m]emorandum . . . lies at the very core of the insensitive thinking which dominated racist attitudes in America for over two hundred years . . . ."); Doc. 42 at 18 ("Attorney Bailey genuinely felt empathy and sorrow for the [c]ourt because of the nature and extent of its errors.")). Attorney Bailey even takes issue with the court's citation to the case of Cornish v. Gosher, No. 1:04-CV-0232 (M.D. Pa. Feb. 2, 2004), in which the court imposed sanctions upon Attorney Bailey. (See Doc. 42 at 7 ("Mr. Goshen is misspelled by the Court as 'Gosher[.]'  Every attorney knows that citations are to be double-checked for obvious reasons.")). Although the correct spelling of the name is apparently "Goshen," the court cited to the name of the defendant as it is spelled on the docket, to wit: "Officer Gosher." See Docket Sheet for No. 1:04-CV-0232 (M.D. Pa.).

sanctions, rather, courts need only "apply an objective standard of reasonableness under the circumstances." Landon v. Hunt, 938 F.2d 450, 453 n.3 (3d Cir. 1991). Further, the court may use its inherent power to supplement Rule 11 sanctions when the offending acts are egregious. See Martin, 63 F.3d at 1265.

Following a thorough review of the matter, the court concludes that the filing of the documents at issue was not reasonable, and that it was done in bad faith and for an improper purpose. It is manifest that Attorney Bailey's submissions were filed in retaliation for the court's previous sanction order. (See Doc. 35 at 7 n.12 (comparing the language of the court's sanction order with the strikingly similar language used by Attorney Bailey in the submissions at issue)). Attorney Bailey's improper and unprofessional accusations cannot be attributed to mere stridence in the heat of aggressive advocacy. To the contrary, his submissions were the product of deliberate defiance, designed to impugn the integrity of the court.

When an attorney is of the opinion that the court has issued an erroneous ruling, it is his or her duty as an advocate to seek reconsideration or clarification of that ruling. However, the exercise of this duty of advocacy never justifies the use of

disrespectful, unprofessional or indecorous language to the court.[5] Respect and zealous advocacy are not mutually exclusive concepts. When zealous advocacy degenerates into impertinent, scandalous, and insulting language, it is the court's duty to address squarely the offending conduct, and to tailor a sanction appropriate to the offense. See, e.g., Commonwealth v. Rubright, 414 A.2d 106, 110 (Pa. 1980) ("The judge is the court, and a display of insolence and disrespect to him is an insult to the majesty of the law itself. . . . When carrying out the judicial function, the judge becomes a personification of justice itself. When presiding over any aspect of the judicial process, the judge is not merely another person in the courtroom, subject to affront and insult by lawyers.").

---

[5] See Fleming v. United States, 162 F. App'x 383, 386 (5th Cir. 2006) ("[A] licensed attorney . . . has a professional obligation to uphold the dignity of the judicial system and to temper his criticisms in accordance with professional standards of conduct"); Matter of Palmisano, 70 F.3d 483, 488 (7th Cir. 1995) ("Federal courts are no more willing to tolerate repeated, false, malicious accusations of judicial dishonesty than are state courts."); U.S. District Court for the E. Dist. of Wash. v. Sandlin, 12 F.3d 861, 866 (9th Cir. 1993) ("[O]nce a lawyer is admitted to the bar, although he does not surrender his freedom of expression, he must temper his criticisms in accordance with professional standards of conduct."); United States v. Dowdy, 960 F.2d 78, 81 (8th Cir. 1992) ("While zealous advocacy is essential to the conscientious, vigorous representation of a client's interests . . . the vigor permissible in representing a client's interests has never included the flouting of a judge's ruling." (citing Pennsylvania v. Local Union 542, 552 F.2d 498, 506 (3d Cir. 1977)); Van Iderstine Co. v. RGJ Contracting Co., 480 F.2d 454, 459 (2d Cir. 1973) ("Lawyers, as officers of the court, must always be alert to the rule that zealous advocacy in behalf of a client can never excuse contumacious or disrespectful conduct.").

The court has previously admonished Attorney Bailey for inappropriate submissions. See Boyer v. Barry, No. 1:03-CV-1368, slip op. at 1 n.1 (M.D. Pa. Feb. 24, 2004) ("[V]ulgarism has no place in legal discourse and the court will not tolerate any such references in the future. Counsel is directed to abide strictly by this admonition or suffer sanctions").[6] The court has previously sanctioned Attorney Bailey with attorney's fees for presenting unfounded allegations to the court. See Beam v. Bauer, No. 1:02-CV-1797, slip op. at 3 (M.D. Pa. Mar. 25, 2003) (stating that complaint was "an attempt to relitigate the same matters decided by another judge of this court and affirmed by the court of appeals"), aff'd, 88 F. App'x 523 (3d Cir. 2004); see also Barshinger, No. 1:03-CV-0506, slip op. at 2 n.1 (noting that "several paragraphs of [Attorney Bailey's] responsive statement deny assertions that are clearly true based on the evidence presented to the court"). Most recently, the court ordered Attorney Bailey to attend educational classes as a sanction for submitting patently frivolous and unsupported legal arguments. See Cornish v. Gosher, No. 1:04-CV-0232, slip op. at 3-4 (M.D. Pa. Aug. 1, 2005) ("The court will . . . issue a clear warning to [Attorney] Bailey. Further violations of the rules of professional conduct will not be tolerated. There will be no more improper

---

[6] See also Mitchell v. Guzick, No. 3:02-CV-0178, slip op. at 2 n.1 (M.D. Pa. July 26, 2004) ("The court reminds counsel of the professional obligation of competence in preparation."); Barshinger v. Buffington, No. 1:03-CV-0506, slip op. at 2 n.1 (M.D. Pa. June 10, 2004) ("The court reminds counsel of the ethical obligation to answer factual assertions directly and candidly."), aff'd, No. 04-2908 (3d Cir. Apr. 28, 2005); Beam v. Downey, 151 F. App'x 142, 144 (3d Cir. 2005) (noting that Attorney Bailey's "tirade against [a District Judge] and the federal court is unfounded and unprofessional").

accusations or unfounded assertions.  There will be no more unexplained procedural errors or missed deadlines.  There will be no more frivolous presentations or unsupported legal arguments.").  These sanctions were clearly insufficient to curb Attorney Bailey's actions.  Accordingly, the court finds that a more severe sanction is warranted to correct and deter such conduct.  See FED. R. CIV. P. 11(c)(2).  The court will impose upon Attorney Bailey a monetary fine of $1,000.  It will also direct that this matter be turned over to the Disciplinary Board of the Supreme Court of Pennsylvania for an investigation into whether Attorney Bailey's conduct comports with that of an attorney admitted to practice law in this state.[7]

    An appropriate order will issue.

                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge

Date: August 4, 2006

---

[7] (See, e.g., Doc. 35 at 8 n.14.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN CONKLIN**, | : | CIVIL ACTION NO. 1:05-CV-1707 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARRINGTON TOWNSHIP**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 4th day of August, 2006, upon consideration of the response (Doc. 42) of Don Bailey, Esquire, counsel for plaintiff in the above-captioned case, to the prior order of court directing him to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, and for the reasons set forth in the accompanying memorandum and the memorandum accompanying the prior order of court (Doc. 35), it is hereby ORDERED that:

1. Don Bailey, Esquire, is found to be responsible for a violation of Federal Rule of Civil Procedure 11(b).

2. The following sanction is imposed upon Don Bailey, Esquire: Attorney Bailey shall, on or before August 15, 2006, tender the payment of $1,000 to the Clerk of Courts for the United States District Court for Middle District of Pennsylvania.

3. The Clerk of Court is directed to send, via United States mail, a copy of this memorandum and order, the original complaint (Doc. 1), the order of court dated May 16, 2006 (Doc. 28), the May 24, 2006 motion to vacate (Doc. 29) and brief in support thereof (Doc. 30), the memorandum and order of court dated June 30, 2006 (Doc. 35), and the July 28, 2006 response (Doc. 42) to:

> The Disciplinary Board of the Supreme Court of Pennsylvania
> Two Lemoyne Drive, Second Floor
> Lemoyne, Pennsylvania, 17043.

4. The Clerk of Court is directed to STRIKE plaintiff's motion to vacate (Doc. 29) and brief in support (Doc. 30) from the docket.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge
