IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN CONKLIN, | : | CIVIL ACTION NO. 1:05-CV-1707 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| WARRINGTON TOWNSHIP, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is a motion to recuse filed by plaintiff Steven G. Conklin ("Conklin"). (Doc. 60.) The question presented by plaintiff's motion is whether the court's decision to sanction plaintiff's counsel, Attorney Don Bailey, for his unprofessional conduct in the instant matter requires the court to recuse. For the reasons that follow, the court answers this question in the negative and, hence, will deny plaintiff's motion.

### I.   Introduction

As a threshold matter, the court observes that the instant motion to recuse and supporting brief are presented in a peculiar manner. Both are signed by counsel of record, Attorney Bailey, yet the narrative purports to be that of the plaintiff personally. Paragraph 16 of the motion declares:

> These decisions are plaintiffs [sic] and are not the decisions or reasonings of plaintiff's counsel, although counsel has indicated to plaintiff that he does concur in plaintiff's analysis of the law and facts in this circumstance.

(Doc. 60 ¶ 16.)  In reality, this attempt to transfer to Mr. Conklin responsibility for the contents of the motion and brief is ineffectual in light of Rule 11(b) of the Federal Rules of Civil Procedure which provides, in pertinent part, that

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
> (3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b).  Attorney Bailey's act of signing the motion to recuse carries with it the explicit representations and confluent obligations of Rule 11.  That Attorney Bailey chose to submit a motion and brief ostensibly prepared by his client does not alter his fundamental obligations under Rule 11.  See Greenfield v. U.S. Healthcare, Inc., 146 F.R.D. 118, 125 (E.D. Pa. 1993) ("Under Rule 11, the signer's duty to conduct a reasonable inquiry is not delegable . . . ."); Fleekop v. Mann Music Ctr., Civ. A. No. 89-6846, 1990 WL 204253, at *4 (E.D. Pa. Dec. 12, 1990) ("Rule 11 requires an attorney to do more than merely rely on a client's version of

the facts before certifying that a claim is well-grounded in fact.") (citing Mary Ann Pennisiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988)).

This method of raising the recusal issue is problematic in that it presents as a *pro se* motion. It does not identify any statutory basis for disqualification. Nor does it identify any applicable caselaw. Consequently, the court is burdened with an analysis without the benefit of meaningful research from the moving party. In short, the irregular manner of presentation chosen by plaintiff's counsel has unduly complicated the court's review of the matter. Although the manner of presentation does not comport with Rule 11, the court will refrain from any formal sanctions. It is, however, another example of counsel's non-conformance which burdens and frustrates judicial review. (See, e.g., Doc. 43 at 2 n.2; infra note 1.)

The court also recognizes that it has the option of issuing a second[1] order on briefing, but, in the interest of expediting resolution of this matter, the court will proceed with an analysis of the recusal motion based upon the record before it and the court's independent research. To facilitate this analysis, the court must set forth certain background facts and procedural developments.

---

[1]Plaintiff filed the motion to recuse on January 12, 2007 without a supporting brief. After the expiration of the time period for supporting briefs, see L.R. 7.5 ("Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file a brief . . . ."), the court issued an order directing plaintiff to file a supporting brief within ten days, rather than deeming the motion withdrawn under Local Rule 7.5 (see Doc. 63), see L.R. 7.5 ("Unless otherwise ordered by the court, if a supporting brief is not filed within the time provided in this rule such motion shall be deemed to be withdrawn.").

## II.  **Factual Background and Procedural History Relevant to the Motion to Recuse**[2]

The complaint in this case was filed by Attorney Bailey in August 2005. (See Doc. 1.)  Brought pursuant to 42 U.S.C. § 1983, the complaint vaguely alleged that plaintiff's constitutional rights were violated by the unlawful application of local zoning ordinances.[3]  Defendants moved to dismiss the complaint on various grounds.  By order of court dated May 16, 2006 (Doc. 28), the court granted in part and denied in part the motions to dismiss.

Seizing on a footnote in the opinion, which simply noted the complaint's lack of clarity in *obiter dictum* (see Doc. 28 at 2 n.2),[4] Attorney Bailey filed a "motion to strike, vacate and reconsider the court's May 16, 2006 order" and supporting brief. (Docs. 29, 30.)  These documents expanded on plaintiff's claims—tacitly acknowledging the complaint's lack of clarity—but also accused the court of, *inter alia*, incompetence and racism.  Upon review of the motion and supporting brief, the court determined that Attorney Bailey filed these documents in a fit of pique over sanctions imposed upon him by the undersigned in an unrelated case.  See Cornish v. Goshen, No. 1:04-CV-232, Doc. 30 (M.D. Pa. Aug. 1, 2005) (order

---

[2] A detailed recitation of the factual background is set forth in the court's memoranda of June 30, 2006 (Doc. 35) and August 4, 2006 (Doc. 43), familiarity with which is presumed.

[3] Although the complaint stated that copies of the ordinances were appended as exhibits (see Doc. 1 ¶ 16), no such documents were filed with the court.

[4] Importantly, the court did not dismiss the claims at issue in the challenged footnote.  (See Doc. 28 at 4.)

sanctioning Attorney Bailey pursuant to Rule 11 of the Federal Rules of Civil Procedure); (Doc. 35 at 6 n.11.)  Specifically, the court noted that it was no mere coincidence that Attorney Bailey filed the motion to vacate and supporting brief on the very day that he filed his certification of compliance with the court's order of sanctions in Cornish.[5]  Indeed, the language of Attorney Bailey's motion was nearly identical to the language employed by the court in its prior order of sanctions.[6]

By order dated June 30, 2006, the court directed Attorney Bailey to show cause "why sanctions should not be imposed for the apparent violations of Rule 11 of the Federal Rules of Civil Procedure identified in the accompanying memorandum." Id. at 10.  In response to the show cause order, Attorney Bailey flatly denied that his motion and brief were filed in a fit of pique over sanctions previously imposed by the court.  He claimed that he "wrote the motion and brief as the words popped into his mind." (Doc. 42 at 16.)  Attorney Bailey also denied engaging in unprofessional conduct, characterizing his filings as "courteous[,] succinct and proper." (Doc. 42 at 15.)  He also pervicaciously continued the

---

[5] (Compare Docs. 29, 30 (filed May 24, 2006), with No. 1:04-CV-0232, Doc. 34 (Affidavit of Don Bailey, dated and filed May 24, 2006)).

[6] In its order of sanctions in Cornish, the court stated, "Many, if not all, of these errors are attributable to simple negligence and lack of professionalism, not to willful or malicious design, and may be addressed through additional education." (No. 1:04-CV-0232, Doc. 30 at 3 (emphasis added)).  In his motion to vacate, Attorney Bailey stated, "Plaintiff does not argue that the court wrote the language in the subject order out of willful or malicious design.  Nor does plaintiff suggest that additional education on racial sensitivities and basic civil rights law will not correct these errors, which are seemingly attributable to simple negligence." (Doc. 30 at 2 (emphasis added)).

5

impertinent commentary of his motion to vacate.[7] Following a thorough review of the matter, the court concluded that Attorney Bailey's filing of the documents at issue was not reasonable and that it was done in bad faith and for an improper purpose, to wit: in retaliation for the court's previous sanction order. The court stated: "Attorney Bailey's improper and unprofessional accusations cannot be attributed to mere stridence in the heat of aggressive advocacy. To the contrary, his submissions were the product of deliberate defiance, designed to impugn the integrity of the court." (Doc. 43 at 4.)

This was not Attorney Bailey's first exposure to disciplinary action. (See Doc. 35 at 7; Doc. 43 at 6.) When considered in combination with the court's prior disciplinary action against Attorney Bailey it triggered the undersigned's obligation under the Canon 3(B)(3) of the Code of Conduct for United States Judges to "initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a . . . lawyer." CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(B)(3) (2002); see also United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006). Consequently, the court fined Attorney Bailey $1,000 and directed the Clerk of Court to send the relevant

---

[7] (See, e.g., Doc. 42 at 6 ("Attorney Bailey would not be honest if he did not admit to expressing loud amusement in his office at the ironies presented by the Court's errors."); Doc. 42 at 10-11 ("An objective analysis . . . could easily suggest . . . that the [court's] [m]emorandum was incompetently written . . . ."); Doc. 42 at 11 ("[T]he position reflected by the [c]ourt's [m]emorandum . . . lies at the very core of the insensitive thinking which dominated racist attitudes in America for over two hundred years . . . ."); Doc. 42 at 18 ("Attorney Bailey genuinely felt empathy and sorrow for the [c]ourt because of the nature and extent of its errors.")).

documents to the Disciplinary Board of the Supreme Court of Pennsylvania "for an investigation as to whether Attorney Bailey's conduct comports with that of an attorney admitted to the practice of law in this state." (Doc. 43 at 7.)[8]

Thereafter, the litigation proceeded without controversy. Attorney Bailey paid his fine.[9] The court granted an enlargement of time for factual discovery and extended the deadlines for motions for summary judgment. (Doc. 50.) On January 12, 2007, over five months after the entry of sanctions against Attorney Bailey, plaintiff filed the instant motion to recuse. On January 30, 2007, the court ordered plaintiff to file a supporting brief. (Doc. 63.) Plaintiff filed a brief in support of his motion to recuse on February 6, 2007. By order of court dated February 9, 2007, the court stayed briefing on defendants' motion for summary judgment pending resolution of plaintiff's motion to recuse. (Doc. 72.)

## III. Discussion

The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party . . . .

---

[8] See FED. R. CIV. P. 11 advisory committee's note.

[9] (See Doc. 44 (noting that fine paid under protest)).

Id.[10]  Pursuant to the above quoted language, the court must consider whether its

rulings and statements objectively produce the appearance of bias against

---

[10] Another statute, 28 U.S.C. § 144, provides for the recusal of a federal judge for bias or prejudice.  Section 144 mandates recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  It is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit.  United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge").  An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity, (2) would convince a reasonable person that a bias exists, and (3) evince bias that is personal, as opposed to judicial in nature.  United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).  In the instant case, it is unclear whether the affidavit submitted by plaintiff was intended to invoke an analysis under § 144.  In the exercise of caution, the court notes that plaintiff's affidavit is legally insufficient for purposes of § 144.  (See Doc. 69, Aff.)  Plaintiff's allegations of bias consist of subjective conclusions and thinly veiled disagreements with the court's legal rulings.  See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations).  Plaintiff's affidavit contains no factual support for these assertions.  See Cooney v. Booth, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) (holding that opinions and conclusions based upon suspicion, conjecture and speculation are legally insufficient to warrant recusal).  In addition the affidavit was filed over eight (8) months after the court order at issue, see United States v. Enigwe, 155 F. Supp. 2d 365, 369 (E.D. Pa. 2001) (stating that 28 U.S.C. § 144 "requires that an affidavit for recusal be filed timely"), and fails to append a certificate of good faith as required by 28 U.S.C. § 144, United States v. Rosenberg, 806 F.2d 1169, 1173 (3d Cir. 1986) (holding that recusal motions pursuant to 28 U.S.C. § 144 must "contain a good faith certificate of counsel").  Accordingly, the court need not evaluate the instant motion to recuse under 28 U.S.C. § 144.

Conklin.[11]  As explained by the Supreme Court, these provisions "require . . . 'bias and prejudice' . . . to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance."  Liteky v. United States, 510 U.S. 540, 548 (1994).  This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality."  Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983); see also In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).  If the record presents a close question, the court must resolve the issue in favor of disqualification.  Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995).

The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal."  Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)).  Subsections 455 (a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible.  Blanch Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir. 1995), cert. denied, 516 U.S. 915 (1995).  As stated by the Supreme Court:

---

[11] Generally speaking, subsections 455 (a) and (b)(1) should be construed together when the ground for recusal is the bias or partiality of the trial judge.  See United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994); United States v. Winston, 613 F.2d 221, 223 (9th Cir. 1980) (citing United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978)).

> [O]pinions formed by the judge on the basis of facts
> introduced or events occurring in the course of the
> current proceedings, or of prior proceedings, do not
> constitute a basis for a bias or partiality motion unless
> they display a deep-seeded favoritism or antagonism that
> would make fair judgment impossible. Thus, judicial
> remarks during the course of a trial that are critical or
> disapproving of, or even hostile to, counsel, the parties, or
> their cases, ordinarily do not support a bias or partiality
> challenge. They *may* do so if they reveal an opinion that
> derives from an extrajudicial source; and they will do so if
> they reveal such a high degree of favoritism or
> antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555 (emphasis in original).

In addition, the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Brice v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir. 2002) (quoting Nichols, 71 F.3d at 351) Cooney v. Booth, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003); see also United States v. Snyder, 235 F.3d 42, 46 n.1 (1st Cir. 2000); Curley v. St. John's University, 7 F. Supp. 2d 359, 362 (S.D.N.Y. 1998).

Turning to the motion *sub judice*, Conklin seeks disqualification for essentially two reasons. First, plaintiff "believes Judge Conner is hopelessly biased" based upon what plaintiff perceives to be a racially insensitive footnote in the court's ruling on defendants' motions to dismiss. (Doc. 69 at 1.) Second,

plaintiff "believes that Judge Conner is unreasonably and unjustly attempting to harm plaintiff's attorney . . . ."  (Id.)

Plaintiff's first basis for disqualification, a general allegation of bias, lacks the Liteky "extrajudicial source" factor.  510 U.S. at 554-55.  Plaintiff also fails to set forth any evidence of deep-seeded antagonism that would "make fair judgment impossible."  Id. at 555.  Conklin reveals his true motivation in his affidavit:

> I read and reviewed Judge Conner's May 16, 2006 opinion in my case prior to my attorney reviewing it.  I then went to my attorney complaining about the decision and advising that "Judge Conner has to go".

(Doc. 69, Aff. ¶ 1.)  As is quite evident, Conklin's real dispute lies with the court's rulings, and his motion masks an attempt to circumvent the court's anticipated adverse decision.  In re Antar, 71 F.3d at 101; (see also Doc. 60 at 5 (stating that plaintiff "will not await what he believes will be an adverse decision" to initiate a judicial misconduct complaint)).  His desire to impute bias to the court based upon the court's innocuous statements in a footnote does not mean that, viewed objectively, the court has such bias.  Stripped of its strident rhetoric and its obvious misperceptions, plaintiff's motion is devoid of any objective evidence which would create an appearance of bias.  The court must avoid "yielding in the face of unfounded insinuations."  In re United States, 158 F.3d 26, 35 (1st Cir. 1998).

Nor do Conklin's threats of judicial misconduct charges or impeachment efforts, standing alone, create a basis for disqualification.[12]  There is a "well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him." United States v. Evans, 262 F. Supp. 2d 1292, 1296 (D. Utah 2003) (quoting United States v. Helmsley, 760 F. Supp. 338, 342-43 (S.D.N.Y. 1991)).  In other words, a litigant cannot unilaterally create the grounds for recusal.  See In re Man, 229 F.3d 657, 658-59 (7th Cir. 2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification).[13]  As the First Circuit has observed:  "A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex propio vigore*, create a cloud on her impartiality." In re United States, 158 F.3d at 35.

Conklin's only colorable argument for disqualification is that the court's referral of Attorney Bailey to state disciplinary authority displays such unequivocal antagonism toward counsel that fair judgment of Conklin's claims is impossible.  At the outset of this discussion, the court notes that § 455 speaks in terms of prejudice

---

[12](See Doc. 60 ¶¶ 14-15 ("Plaintiff will soon began [sic] a petition drive to impeach Judge Conner . . ." and "plaintiff intends to bring this Judge's acts and omissions to the attention of . . . those officials who have a responsibility to discipline our judiciary.")).

[13] Even death threats by a criminal defendant do not mandate disqualification of the judge against whom such threats are leveled.  See United States v. Greenspan, 26 F.3d 1001, 1006 (10th Cir. 1994).  In such cases, "it may normally be presumed that one of the defendant's motivations is to obtain recusal." Id.

12

"concerning a party," 28 U.S.C. § 455(b)(1), and that bias against a party's counsel is ordinarily insufficient to require disqualification.  See In re Cooper, 821 F.2d 833, 838-39 (1st Cir. 1987).  Nevertheless, bias against an attorney may require disqualification under § 455 where the hostility is "so virulent and of such magnitude that it prejudices the judge against the attorney's client."  United States v. Ahmed, 788 F. Supp. 196, 203 (S.D.N.Y.), aff'd, 980 F.2d 161 (2d Cir. 1992); United States v. Jacobs, 855 F.2d 652, 656 n.2 (9th Cir. 1988).

Although there is no Third Circuit decision directly on point, the majority of other jurisdictions have held that judicial referrals of counsel for disciplinary review do not, in themselves, constitute grounds for disqualification.  The Tenth Circuit decision in United States v. Mendoza, 468 F.3d 1256 (10th Cir. 2006), is directly on point.  In Mendoza, the district judge reported defense counsel to a bar disciplinary board.  In his decision declining to recuse himself, the judge stated:  "Judges are obligated to alert disciplinary authorities to possible unethical conduct by attorneys.  Judges do not demonstrate possible bias or prejudice when they discharge that obligation."  Id. at 1262 (citations omitted).  The Tenth Circuit affirmed, opining that "[a] judge should not be disqualified for faithfully performing the duties of his office."  Id.

Similarly, in Curley v. St. John's University, 7 F. Supp. 2d 359 (S.D.N.Y. 1998), plaintiff suggested that the court's Rule 11 sanction against his attorney in an unrelated proceeding constituted sufficient bias for disqualification.  The court denied plaintiff's motion to recuse, opining that "without more, the imposition of

13

sanctions does not warrant a recusal." Id. at 363 (citations omitted). As part of the *ratio decidendi*, the court observed that plaintiff's motion failed to present any extrajudicial facts, i.e., facts independent of the sanction itself. Id. In the absence of such evidence, the court held that the sanction of counsel was patently insufficient to show the requisite personal bias or prejudice necessary for disqualification. See also Honneus v. United States, 425 F. Supp. 164 (D. Mass. 1977) (denying motion to recuse where judge referred attorney to bar association grievance committee as a result of unprofessional conduct); Joyner v. Commissioner of Correction, 740 A.2d 424 (Conn. 1999) (referring trial counsel to statewide grievance committee and follow-up inquiries as to status of investigation did not require disqualification of judge in habeas proceeding); Martin v. Beck, 915 P.2d 898 (Nev. 1996) (finding that judge's filing of perjury complaint against counsel does not constitute grounds for recusal); State v. Mata, 789 P.2d 1122 (Haw. 1990) (referring attorney to disciplinary board and responding to inquiries of board are not grounds for disqualification).

The court is also cognizant of an advisory opinion authored by the Judicial Conference's Advisory Committee on Codes of Conduct which opines that judicial

referral for disciplinary review is not grounds for recusal.[14]  Specifically, the Committee stated:

> [W]hen a judge files a complaint of unprofessional conduct against a lawyer, . . . in compliance with . . . Canon 3B(3), and the lawyer is before the judge as counsel in the case giving rise to the unprofessional conduct, or in a later case, it is not required that the judge recuse on grounds of bias or prejudice simply because the complaint was filed.

GUIDE TO JUDICIARY POLICIES AND PROCEDURES IV-149 (1998).  The Third Circuit has cited such advisory opinions with approval in prior cases.  See, e.g., In re School Asbestos Litigation, 977 F.2d 764, 783 (3d Cir. 1992).

The record reflects that the court has admonished and sanctioned Attorney Bailey on several prior occasions.  As a result of Attorney Bailey's unprofessional conduct in this case, the court fined Attorney Bailey $1,000 and made a referral to the Disciplinary Board of the Supreme Court of Pennsylvania.  Like Judge Cassell in United States v. Mendoza, the court made a referral for disciplinary review in discharge of its obligations under the Code of Judicial Conduct.  See Mendoza, 468 F.3d at 1262 (discussing CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3(B)(3) (2002)).  This referral is not a basis for disqualification.  It represents the performance of a judicial obligation.  Indeed, one of the benefits of such referrals is that it allows for an independent review of counsel's offending conduct.

---

[14] In fact, the undersigned carefully examined the potential need for recusal when I issued the August 4, 2006 order sanctioning plaintiff's counsel.  Based upon this advisory opinion, *inter alia*, I determined that *sua sponte* recusal was not required.

The court understands that its sanction of counsel may be very disconcerting to both counsel and plaintiff. But plaintiff has alleged no conduct on the part of the court which suggests that its sanction of Attorney Bailey represents "such virulent personal bias or prejudice against [Attorney Bailey] as to amount to bias against [Mr. Conklin]." Faulkner v. Nat'l Geographic Soc., 296 F. Supp. 2d 488, 494 (S.D.N.Y. 2003) (citations omitted). To be sure, the court harbors no lingering bias or prejudice towards Attorney Bailey that would adversely affect the interests of his client. The court is confident that it can remain impartial and it has "no interest in the outcome of this case other than the interest of every judicial officer that the truth be discovered and the law correctly applied . . . ." Ellis v. Provident Life & Accident Ins. Co., 962 F. Supp. 445, 446 (S.D.N.Y. 1997).

For the foregoing reasons, Conklin's motion to recuse is denied. For purposes of appellate review of this matter,[15] the court notes that mandamus is the proper means for the Third Circuit to review the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings Inc., 10 F.3d 155, 163 (3d Cir. 1993); Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996); In re Bradford, 136 Fed. Appx. 519, 520 (3d Cir. 2005). As an accommodation to Conklin, in light of his intention to appeal this ruling, the court will continue its stay of the briefing

---

[15]In his motion to recuse, Conklin stated unequivocally that he intends to appeal this court's ruling. (See Doc. 60 ¶ 15 ("It is this plaintiff's intention that whether Judge Conner recuses himself from this action or not, that plaintiff, with or without counsel's assistance, will appeal his refusal to recuse himself, should he do so . . . .")).

16

schedule on defendants' motion for summary judgment for a period of twenty (20) days.  If a petition for writ of mandamus is not filed within twenty (20) days, the court will lift the stay and establish a deadline for defendants' reply brief.  If the mandamus petition is filed, the stay shall remain in effect pending appellate review of the matter.  An appropriate order will issue.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:  February 15, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN CONKLIN**, | : CIVIL ACTION NO. 1:05-CV-1707 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **WARRINGTON TOWNSHIP**, et al., | : |
| **Defendants** | : |

### O R D E R

AND NOW, this 15th day of February, 2007, upon consideration of plaintiff's motion to recuse (Doc. 60), and of the order of court dated February 9, 2007 (Doc. 72), staying briefing on defendants' motion for summary judgment (Doc. 54) pending resolution of the instant motion, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to recuse (Doc. 60) is DENIED.

2. The stay of the briefing schedule on defendants' motion for summary judgment (Doc. 54) shall be continued for a period of twenty (20) days.

    a. If a petition for writ of mandamus is not filed within twenty (20) days, the court will lift the stay and establish a deadline for defendants' reply brief.

    b. If a petition for writ of mandamus is filed within twenty (20) days, the stay shall remain in effect pending appellate review of the matter.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge