IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN CONKLIN, | : | CIVIL ACTION NO. 1:05-CV-1707 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| WARRINGTON TOWNSHIP, et al., | : | |
| | : | |
| Defendants | : | |

## AMENDING ORDER

AND NOW, this 13th day of March, 2007, upon consideration of the memorandum (Doc. 73) entered in the above-captioned case on February 15, 2007, it is hereby ORDERED that the memorandum (Doc. 73) is AMENDED as follows:

1. Footnote 10 is deleted and is replaced with the following:  The other statutory section governing judicial disqualification, 28 U.S.C. § 144, mandates recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  In the instant case, it is unclear whether Conklin's affidavit, appended to plaintiff's brief, was intended to invoke an analysis under § 144.  (Doc. 69, Aff.)  In the exercise of caution, the court notes that Conklin's affidavit is legally insufficient for purposes of § 144.  (See id.)  As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit.  United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge").  An affidavit is legally sufficient if the facts alleged therein:  (1) are material and stated with particularity, (2) would convince a reasonable person that a bias exists, and (3) evince bias that is personal, as opposed to judicial in nature.  United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).  In this case, plaintiff's allegations of bias consist of subjective conclusions and thinly veiled disagreements with the court's legal rulings.  See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations).  Plaintiff's affidavit contains no factual support for these assertions.

    See Cooney v. Booth, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) (holding that opinions and conclusions based upon suspicion, conjecture and speculation are legally insufficient to warrant recusal).  In addition, the affidavit was filed over eight (8) months after the court order at issue, see United States v. Enigwe, 155 F. Supp. 2d 365, 369 (E.D. Pa. 2001) (stating that 28 U.S.C. § 144 "requires that an affidavit for recusal be filed timely"), and fails to append a certificate of good faith as required by 28 U.S.C. § 144, United States v. Rosenberg, 806 F.2d 1169, 1173 (3d Cir. 1986) (holding that recusal motions pursuant to 28 U.S.C. § 144 must "contain a good faith certificate of counsel").  For all of these reasons, it is unnecessary for the court to undertake an in-depth analysis of the motion to recuse under 28 U.S.C. § 144.

2. In the final sentence of the first full paragraph on page 10, a semicolon is inserted before the citation to Cooney v. Booth, so that the citation reads:  Brice v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir. 2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003); see also United States v. Snyder, 235 F.3d 42, 46 n.1 (1st Cir. 2000); Curley v. St. John's University, 7 F. Supp. 2d 359, 362 (S.D.N.Y. 1998).

3. In the third sentence of the first full paragraph on page 11, the word "deep-seeded" is deleted, and is replaced with "deep-seated," so that the sentence reads:  Plaintiff also fails to set forth any evidence of deep-seated antagonism that would "make fair judgment impossible."

4. In the first full sentence on page 15, the phrase "the Committee stated" is replaced with the phrase "the Committee has opined".

5. Footnote 14 is deleted and is replaced with the following:  In fact, the court carefully examined the potential need for recusal when it issued the August 4, 2006 order sanctioning plaintiff's counsel.  Based upon this advisory opinion, *inter alia*, the court determined that it was not required to recuse *sua sponte*.

6. In the fifth sentence of the first full paragraph on page 16, a comma is inserted after the word impartial, so that the sentence reads:  The court is confident that it can remain impartial, and it has "no interest in the outcome of this case other than the interest of every judicial officer that the truth be discovered and the law correctly applied . . . ."

                                                  S/ Christopher C. Conner  
                                                 CHRISTOPHER C. CONNER  
                                                 United States District Judge